SPARTON TECHNOLOGY,
INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 98–111 C.

United States Court of Federal Claims.

Feb. 24, 1999.*

Michael R. Chairness, McDermott Will & Emery, Washington, DC, for Plaintiff.

doris S. Finnerman, Commercial Litigation Division, Civil Division, U.S. Department of Justice, Washington, DC, for Defendant.

* This order was filed on February 9, 1999. It is being reissued for publication at the request of

## ORDER

HODGES, Judge.

Plaintiff Sparton Technology seeks reimbursement from the Government for its costs incurred defending against and complying with Environmental Protection Agency orders, and for other actions arising out of performance of its contracts with Sandia Corporation and Allied Signal Aerospace Company. Sandia and Allied Signal are obligated to reimburse these costs, according to plaintiff, and they are agents of the United States. An agency relationship with the United States does not exist for such purposes.

The Supreme Court examined the relationship between Sandia and the United States in *United States v. New Mexico,* 455 U.S. 720, 102 S.Ct. 1373, 71 L.Ed.2d 580 (1982). The Court examined the relationship for purposes of immunity from state use tax, which "requires something more than the invocation of traditional agency notions," but its analysis of the relationship is relevant. *Id.* at 736, 102 S.Ct. 1373. The Court considered characteristics of the contract in its analysis, including the amount of control the Government had over the subcontractor:

> The contractors here are privately owned corporations; 'Government officials do not run [their] day-to-day operations nor does the Government have any ownership interest.' *First Agricultural Bank v. State Tax Comm'n,* 392 U.S. at 354, 88 S.Ct. at 2181 (dissenting opinion). In contrast to federal employees, then, Sandia and its fellow contractors cannot be termed 'constituent parts' of the Federal Government. It is true, of course, that employees are a special type of agent, and like the contractors here employees are paid for their services. But the differences between an employee and one of these contractors are crucial. The congruence of professional interests between the contractors and the Federal Government is not complete; their relationships with the Government have been created for limited and carefully defined purposes.

the defendant pursuant to RCFC 52.1(b).

*United States v. New Mexico,* 455 U.S. at 740–741, 102 S.Ct. 1373.

The contract between Sandia and the United States states that Sandia acts as an agent for the United States in certain circumstances. Reimbursement to subcontractors for expenses incurred during litigation is not one of those circumstances. In fact, the contract explicitly states that subcontracts are to be made in Sandia's name. For these reasons, we find that an agency relationship does not exist between Sandia and Allied Signal, and the United States for purposes of reimbursing plaintiff for costs incurred during litigation. The clerk will dismiss plaintiff's complaint. No costs.